Daniel, Judge,
 

 after stating the case proceeded.— Goods and chattels were bound at common law by the writ
 
 oí fieri facias,
 
 from the time of its
 
 teste.
 
 Arch. Prac. 285.
 
 Bona fide
 
 purchasers of the defendant in an execution, were often liable to have their purchases defeated, and the goods taken from them by the relation of the
 
 *562
 
 execution to its
 
 teste.
 
 The legislature in England remedied the evil, by stat. 29 Charles 2, c. 2, sect. 16; which enacts, that no writ of execution against the goods of a party shall bind the property-thereof, but from the time such writ shall be delivered to the sherifF to be executed : and for the better manifestation of such time, the sherifF or his deputy shall, upon receipt of such writ, indorse upon the back thereof, the day of the month and year, whereon he received it. Since the passage of this act, all persons in England, wishing to be safe in their purchases of goods and chattels, can, by examining the sheriff’s office, readily know whether the property is bound by any execution lodged there against the person offering to sell. This statute, however, was intended only to protect purchasers from any injury which might arise to them from the relation which writs of execution had to their
 
 teste
 
 at common law; and, therefore, as far as relates to the party himself, and. to all others but purchasers for a valuable consideration, writs of execution still bind the party’s goods from the time of their
 
 teste.
 
 1 Saund. R. 219, f. 2 Vent. 2l8. 2 Show. 485. 1 Arch. Prac. 285. The stat. 29 Ch. 2, was never considered in force here; therefore all our executions were governed by the common law, and bound the property of the defendants in them from the
 
 teste.
 
 Many inconveniences and frauds were the consequence, especially under execution upon justice’s judgments, whieh were not of record, and frequently unknown to- the public until the executions came to be levied, when they bound all the persona] property which the defendant owned at the time of the
 
 teste,
 
 although a
 
 bona fide
 
 purchaser of the defendant had paid his money for the same, between the time of the
 
 teste
 
 and the
 
 levy.
 
 The legislature of this state has not reenacted the sixteenth section of the stat. 29 Charles 2, c. 2, but partially remedied the evil by passing the act of 1828, c. 12, sec. 1, which is in the following words: “ where any execution shall be issued by a justice of the peace, and levied on personal property, such property shall be, and the same is hereby bound, by and from the levy of such execution, and not from the
 
 teste
 
 thereof.” Frauds upon purchasers from the defendant
 
 *563
 
 in the execution, were in a great measure prevented either by the officer taking, the property which he had levied on, into his possession, or taking sureties to a-forth-coming bond, subscribed by one or more witnesses, as the act directs, which would tend much towards giving, public notice of the transaction. The object of the legislature, as far as it went, was the same as that of the British parliament, in enacting the 16th section of the 29 Charles 2, c. 2, viz. to protect purchasers. But as to the defendant in the execution, and his representatives, no evil existed, and the common law remained unaltered ; the goods and chattels, are, as to them, still bound from the
 
 teste
 
 of the execution. And although the defendant in the execution, died before the levy,the officer might goon notwithstanding, and levy on the goods in the hands of the executor or administrator, and sell; and the purchaser acquired a good title. There was no necessity for the plaintiff in the execution to sue out a
 
 scire facias
 
 against the administrator. 3 Wilson, 389.- 2 Lord. Raym. 808: 1 Arch. Prac. 286. The nonsuit must be set aside, and a new trial granted.
 

 Per Curiam. Judgment reversed.